PAUL TROJAN, ADMINISTRATOR AD PROSEQUENDUM, ETC., PLAINTIFF-APPELLANT, v. JOHN BRENNAN, DEFENDANT, AND IMMACULATE CONCEPTION SEMINARY, DEFENDANT-RESPONDENT.

Argued May 26, 1936—Decided October 2, 1936.

For the appellant, *Mackay & Mackay*.

For the respondent, *John B. Zabriskie*.

The opinion of the court was delivered by

DONGES, J.  At the trial of an action brought to recover damages for the alleged wrongful death of Walter Trojan as the result of a collision between an automobile driven by decedent and one owned by the defendant-respondent, Immaculate Conception Seminary, and driven by its employe, John Brennan, a verdict was had against Brennan and a nonsuit was entered by direction of the trial judge as to Immaculate Conception Seminary.  The action of the trial judge in directing a nonsuit is assigned as error and is the subject of this appeal.

Brennan was employed by the seminary as a night watchman to patrol its grounds and buildings in the township of Hohokus. He was furnished an automobile because it was necessary for him to cover a distance of fifty-five miles each night. He was also a special police officer of the township, and he testified that as such officer he was charged by the chief of police of the township with the duty of looking for violations of the law generally in the area patroled by him.

In the early morning of April 22d, 1934, Brennan came out of a gate of the seminary grounds to traverse the public road to another gate some three hundred feet distant. While traveling down this road, his car was struck or side-swiped by another car, which car did not stop. Brennan pursued the offending car two and a quarter miles, when he came into collision with the car driven by Trojan.

The learned trial judge held that there was no evidence that Brennan was acting in the course of his employment when his car collided with Trojan's car and that Brennan had departed from the line of duty to his employer when that collision occurred. In so holding, we think he fell into error.

It is admitted that Brennan was the servant of the seminary and was driving its car when Trojan was injured. The legal presumption is that the servant was acting in and about the master's business. Was this presumption overcome by uncontradicted evidence, so as to make it a question for the court and not for the jury? *Wallace* v. *Perrine Co.,* 113 *N. J. L.* 20. We think not.

The only witness on this subject was Brennan who testified that the car was supplied by the seminary; that he was about the business of the seminary when his car was struck; that he was acting under instructions from and in the interest of his employer when he pursued the car which struck the car he was driving.

He testified, in part, as follows:

"*Q.* When you say that you were to watch the property of the Immaculate Conception Seminary, you mean the buildings and grounds; isn't that so? *A.* And the automobile in which I am riding; that belongs to the Seminary. * * *

*Q.* Now, you were commissioned by the authorities of the township of Hohokus to act as a special police officer; isn't that so? *A.* Yes, sir. *Q.* And when you acted as a police officer you were acting under the instructions of the chief, isn't that so, Chief Smith? *A.* No, sir. I was acting under the instructions of the Immaculate Conception Seminary."

After testifying that he pursued the car because it struck the property of the Seminary, he was asked: By the court— "*Q.* Were you pursuing as a policeman then? *A.* No; as a part of the property of the Immaculate Conception Seminary for the damage that has been on the automobile. I am held responsible for that property. Not as a police officer."

In the situation presented by the evidence, we are of opinion that it was not shown that the act of Brennan was wanton, or was not in furtherance of a duty within the scope of his employment. It was for the jury to say whether or not he was acting within the express or implied limitations of his duty to his employer. Certainly, the presumption that he was so acting was not overcome by clear and uncontradicted proof to the contrary. *Fullmer* v. *Scott-Powell Dairies,* 111 *N. J. L.* 44.

The judgment under review is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 13.